UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>SHARICE C. VANN,<br><br>       Defendant. | Case No. 06-cr-40029 -JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Sharice C. Vann's Motion for the Court to Reconsider its Denial of Defendant's Motion to File Late Notice of Appeal (Doc. 273). For the following reasons, the Court **DENIES** Vann's Motion.

## BACKGROUND

This Court entered Judgment against Sharice Vann (Vann) April 17, 2007. Forty days later, on June 22, 2007 Vann filed a Notice of Appeal. The United States Court of Appeals for the Seventh Circuit dismissed her appeal as untimely August 20, 2007.

As a preliminary matter, the Court notes that although this Motion is styled as a Motion to Reconsider, the Court has not previously entertained a motion from Vann to allow late filing of her Notice of Appeal. Accordingly, the Court will analyze Vann's Motion as a motion for extension of time under the standards set forth in Federal Rule of Appellate Procedure 4(b)(4).

## ANALYSIS

The district court may extend the time for filing a notice of appeal by up to forty days after the entry of judgment upon a showing of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). Excusable neglect occurs only in unusual circumstances; counsel's inadvertence or miscalculation are not sufficient reasons to extend time. *See United States v. Alvarez-Martinez*,

286 F.3d 470, 473 (7th Cir.2002).

     Here, Vann has given the Court no indication of any circumstances that constitute "good cause" or "excusable neglect."  Vann merely states that "counsel knew I was displeased with the sentence imposed."  She does not claim she told her attorney to file an appeal.  Vann cites her attorney's failure to file an appeal based on her displeasure with her sentence as the reason her appeal was untimely.  However, this kind of misunderstanding between attorney and client does not warrant an extension of time to appeal, because the Court informed Vann herself of the deadline to file an appeal at her sentencing.  *See U.S. v. Steele*, 126 Fed.Appx. 752, 753 (7th Cir. 2005).  Because Vann has not shown that her Notice of Appeal was untimely due to good cause or excusable neglect, the Court **DENIES** Vann's Motion (Doc. 273).

     If Vann believes her counsel was constitutionally ineffective, she may file a motion under 28 U.S.C. § 2255.  The Court **DIRECTS** the Clerk of Court to send Vann a § 2255 motion form along with this order.

**IT IS SO ORDERED.**
**DATED: September 6, 2007**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**